UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, S

2005 NOV 30 P 2: 21

| | |
|---|---|
| Perry A. Phillips, #78157, | ) C/A No. 9:05-3275-RBH-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| A.J. Cannon, Sheriff; Captain FNU Smith; and Officer Saulters, | ) |
| Defendants. | ) |

The plaintiff, Perry A. Phillips (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is imprisoned at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the Sheriff of Charleston and employees of the detention center. Plaintiff seeks monetary damages, as well as injunctive relief. Plaintiff claims his attempts to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a) are futile, because he has received no response to his grievances. The complaint should be dismissed for failure to state a claim upon which relief may be granted.



### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992).   This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The complaint alleges that Plaintiff was placed in a cell with a female detainee who falsely accused Plaintiff of assaulting her. No charges were filed against Plaintiff, and after investigation, the female detainee admitted to lying. Although Plaintiff was never charged based on the false accusations, the local news media reported the incident and disseminated Plaintiff's name and picture. Plaintiff claims he was endangered because he could have been assaulted in the detention center based on the false accusations. Plaintiff also claims that the news broadcast harmed his standing in the community, damaged personal relationships, and caused psychological harm to his children. Plaintiff sues the defendants for placing him in the cell, which created the problem, and for release of the information used in the news broadcast.

Plaintiff files this action under 42 U.S.C. § 1983, and to assert a claim under § 1983, Plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; See also West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); Kendall v. City of Chesapeake, 174 F.3d 437 (4th Cir. 1999) (same). Plaintiff has not alleged the violation of any constitutional right, privilege or immunity, and the facts alleged do not indicate the deprivation of a constitutional right. Negligence, such as placing Plaintiff in a cell with a female detainee, does not state a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986) (negligence is not actionable under 42 U.S.C. § 1983). Similarly, slander is a state law claim that does not rise to the level of violation of the constitution. see e.g., Goodwin v. Kennedy,

3

552 S.E.2d 319 (S.C.App., 2001). Although deliberate indifference on the part of prison officials to a specific known risk of harm to Plaintiff could state a constitutional violation, Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987), Plaintiff makes no specific factual allegations that state a claim. Plaintiff's statement that he could have been beaten up based on the false accusations of sexual abuse, is not a sufficient factual allegation of a constitutional violation by the defendants. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (dismissal where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff has failed to present an actionable claim under 28 U.S.C. § 1983 upon which relief may be granted.

Plaintiff's claims do not pose a federal question, so they cannot serve as the basis for federal jurisdiction.[2] Plaintiff's allegations, at most, set forth causes of action based in state law, such as negligence. Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court should decline to exercise "supplemental" jurisdiction over Plaintiff's state claims. 28 U.S.C. § 1367(c)(3) (federal courts permitted to decline supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction.); see also Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

---

[2] A civil action for Plaintiff's state claims could be cognizable in this Court under the diversity statute, see 28 U.S.C. § 1332(a); however, complete diversity of parties does not exist in this case. Plaintiff and the defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.

4

Additionally, Plaintiff requests compensatory damages for emotional stress and mental anguish, which is limited by law. Title 42 U.S.C. § 1997e(e) states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff does not allege that he has suffered physical injury in addition to the mental or emotional harm he claims. The complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

Nov 30, 2005
Charleston, South Carolina

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**