IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Perry A. Phillips, #78157, | ) | |
| | ) | C.A. No.: 9:05-3275-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| A.J. Cannon, Sheriff; Captain FNU Smith; | ) | |
| and Officer Saulters, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is an inmate of the Charleston County Detention Center. Proceeding *pro se*, he brings this action pursuant to 42 U.S.C. § 1983 against the Sheriff of Charleston County and two officials employed by the detention center alleging that he was placed in a cell with a female inmate; that the female falsely alleged that he sexually assaulted her; and that a news story was run concerning the allegations by the female inmate. Plaintiff alleges that he could have been assaulted in the detention center due to the allegations made by the female inmate.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate George C. Kosko filed November 30, 2005. Based on his review of the record, the Magistrate Judge concluded that the case should be dismissed *without prejudice* for failure to state a claim because he has not alleged the violation of a right secured by the Constitution and laws of the United States, and diversity of citizenship does not exist between the parties.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead,

1

retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Plaintiff filed a "Motion to Object" on December 19, 2005. In this document, he requests additional time to present his case; however, the plaintiff has not filed any additional documents regarding his position in the case at this time, although over five months have passed. The Court denies any request by the plaintiff for additional time to file objections.

Plaintiff fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is simply an effort to rehash the allegations of his complaint.

---

[1] Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, all objections are overruled and this case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, S.C.
May 31, 2006